# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| TED MOORE | CIVIL ACTION NO. 06-1153 |
| VS. | SECTION P |
| CITY OF MONROE, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Ted Moore on July 3, 2006. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana where he is serving a hard labor sentence imposed following his conviction for possession with intent to distribute cocaine in the Fourth Judicial District Court, Ouachita Parish. He claims that his conviction and present incarceration violate rights guaranteed to him under the United States Constitution. He names the City of Monroe, Fourth Judicial District Court Judge Benjamin Jones, Assistant District Attorney Nicholas Anderson, Ouachita Parish Indigent Defense Attorneys Michael Courteau and Jay Nolen, Louisiana Appellate Project Attorney Peggy Sullivan, LDOC Secretary Richard Stalder, and LDOC Probation and Parole Officers Cory Bennett, Alexis Hopper, Diana Walker, and Kyle O'Neal as defendants. He prays for judgment declaring that the acts and omissions of the defendants violated plaintiff's rights; a preliminary injunction prohibiting the defendants from contacting LDOC and requesting that false disciplinary charges be leveled against plaintiff for filing this complaint; compensatory damages in the amount of $1 million and punitive damages

1

in the amount of $100,000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint and its accompanying motion for injunctive relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

*Statement of the Case*

Plaintiff provides little historical background, but his complaint implies that his recent drug conviction in the Fourth Judicial District Court was violative of his constitutionally protected rights to due process and equal protection because the cocaine that plaintiff was accused of possessing was not introduced at his preliminary hearing.

Louisiana's presumptively reliable published jurisprudence reveals the following:

> The defendant was convicted by a jury of possession of cocaine with intent to distribute and sentenced to 20 years at hard labor with at least two years of the sentence to be served without benefits. Defendant appeals the conviction, asserting *inter alia* that his waiver of the right to appointed counsel was deficient.
>
> On July 17, 2003, a parole officer, Diane Walker, was making field calls and looking for Rhonda Hurd, a parolee whom Walker supervised. Walker knew that Hurd sometimes stayed at the home of Ted W. Moore, the defendant, which was prohibited under the conditions of Hurd's parole. On July 17, Walker learned that Hurd was at Moore's residence. Walker then contacted Moore's parole officer, Alexis Hopper, and the two, along with other parole officers, went to Moore's house where they confronted Moore, Hurd, and others. After observing Moore walk out of one of the rear bedrooms with his hands in his pockets, the officers suspected he was in possession of either a weapon or contraband. Moore was searched, and he was found in possession of what appeared to be crack cocaine. The crime lab report confirmed that the contraband seized as evidence tested positive as cocaine.
>
> At a pre-trial hearing on a motion to suppress, the defendant's request for different appointed counsel was denied by the trial court. The motion was tried with his appointed counsel. Subsequently, on the day of trial, Moore's appointed lawyer advised the trial court that Moore wanted to represent himself, and that Moore had threatened both him and the prosecutor. Counsel then asked to be relieved of the

2

representation. When the trial court questioned defendant about self-representation, Moore answered affirmatively that he wanted to represent himself. The trial court asked about his level of education before permitting him to proceed to trial the same afternoon. The record reflects that the defendant had represented himself in an earlier proceeding with the same judge some years before. The defendant was convicted of the charged offense and sentenced to 20 years at hard labor with 2 years to be served without benefits. *State of Louisiana v. Ted W. Moore*, 40,311 (La. App. 2 Cir. 1/13/2006), 920 So.2d 334, 338-339.

Plaintiff contends that the City of Monroe is liable because that is where his due process and equal protection rights were violated, and, that the violation of his rights was "... a written down policy of Monroe, in the Constitution of 1974 and the United States Constitution." [doc. 1-3, p. 4]

He claims that Judge Jones "... was bias and technically acted outside of his jurisdiction and contrary to the law, his actions were based on malice or corruption when he bound the plaintiff over to a jury trial without the showing of 'physical evidence' by the State of Louisiana that plaintiff had any cocaine in his presence..." [id., p. 5]

Plaintiff identifies defendant Jay Nolen as an Assistant District Attorney[1] and claims that he "...was bias and technically acted outside of his jurisdiction and contrary to law, his actions were based on malice or corruption when he denied the plaintiff due process/equal protection when he failed to introduce into the court records any 'physical evidence' at plaintiff's 'preliminary hearing' showing that plaintiff had any cocaine ..." [id., pp. 7-8]

Plaintiff claims that Michael Courteau, Chief of the Indigent Defender Board, was "... legally responsible for the plaintiff to have and enjoy effective assistance of counsel ... [and] he failed to do so..." [id., p. 10]

---

[1] Plaintiff is clearly mistaken. The published jurisprudence indicates that Mr. Nolen was the plaintiff's court-appointed attorney and that plaintiff discharged Mr. Nolen and indicated his desire to represent himself at trial. See *State of Louisiana v. Ted W. Moore*, 920 So.2d at 342-344.

He claims that defendant Peggy J. Sullivan of the Louisiana Appellate Project "... denied the plaintiff due process/equal protection when she failed to brief the appeals court of the fact that plaintiff was denied due process/equal protection in the state courts when the state failed to produce any amount of cocaine or any other drug into the trial court records ... before bounding him over to trial by jury in violating plaintiff's due process/equal protection clause was ineffective under the Fifth, Sixth, and Fourteenth Amendments..." [id., p. 11]

He claims that LDOC Secretary Richard Stalder, "...is legally responsible for the overall operation of the Louisiana Probation and Parole Division..." [id., p. 12]

He claims that defendants Bennett, Hopper, Walker and O'Neal "...denied plaintiff due process/equal protection..." [id.]

Finally, he claims, "...that these defendants denied him due process/equal protection when they failed to introduce into the court records ... any 'physical evidence' that plaintiff had any cocaine or any other drug at the 'preliminary hearing.'" [id., p. 13]

*Law and Analysis*

*1. Frivolity Review*

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obligated to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B). See 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42

4

U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able

5

to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

While short on details, plaintiff's complaint clearly outlines the basic contours of his civil rights claims. Plaintiff has pled his best case and further amendment would serve no useful purpose.

## 2. *Judicial and Prosecutorial Immunity*

Plaintiff's claims against Judge Jones arise out of the performance of his judicial duties. Judges have absolute immunity against for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985). According to the plaintiff, Judge Jones was presiding over plaintiff's preliminary hearing when the act complained of occurred. Thus, according to *Eitel*, Judge Jones' actions were within his jurisdiction and he enjoys absolute immunity from plaintiff's claims. Consequently, even liberally construing plaintiff's claims against Judge Jones, they are without an arguable basis in law and should be dismissed with prejudice as frivolous. See *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (affirming dismissal of action that had found judge immune and the action thus frivolous).

Any claim for monetary damages against Assistant District Attorney Anderson is also barred by the doctrine of absolute immunity. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the

6

initiation of judicial proceedings and in presenting the State's case. See *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997).

Plaintiff's claim against the Assistant District Attorney Anderson is based on his role as prosecutor in plaintiff's criminal trial. Because the complained of conduct was taken in this defendant's role as the State's advocate, he is entitled to absolute prosecutorial immunity. See *Imbler*, 424 U.S. at 430 (absolute immunity protected prosecutor from suit even for knowingly using perjured testimony and suppressing material evidence at plaintiff's murder trial).

### 3. State Actor

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir.1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed <u>by a person acting under color of state law</u>." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)(emphasis supplied).

Mr. Nolen, plaintiff's criminal defense attorney, and Mr. Courteau, the head of the Ouachita Parish Indigent Defenders Office are not "state actors" and cannot be sued for civil rights violations under 42 U.S.C. § 1983. See *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981).

Consequently, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### 4. Heck v. Humphrey Considerations

7

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

Plaintiff does not contend that his cocaine conviction has been reversed, expunged, or declared invalid. If the court were to grant him damages under the facts of this case, such ruling would necessarily implicate the validity of the state court's finding of guilt.

Accordingly, under *Heck*, plaintiff must demonstrate that his cocaine conviction has been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. See *Hamilton*, 74 F.3d at 103. Plaintiff has failed to make such a showing. Consequently, his claims for declaratory judgment and monetary damages are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 103. A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called

8

into question." *Id.* at 102.

Further, to the extent that plaintiff seeks release from his present incarceration, he is advised that such relief is not available by way of a civil rights action. See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but habeas is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "A *habeas* petition ... is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d at 820. "[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

To the extent that plaintiff complains that he has been unlawfully imprisoned pursuant to the false criminal charges, he is raising claims which challenge the validity of his criminal proceedings. See *Calderon v. Ashmus*, 523 U.S. 740, 747, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the *habeas* sections of Title 28 of the United States Code."); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*"). Further, petitioner is advised that before he can seek *habeas* relief in the federal courts, he must first exhaust all available state court remedies.

*5. Injunction*

9

Finally, plaintiff has moved for a preliminary injunction prohibiting the defendants from contacting LDOC and requesting that false disciplinary charges be leveled against plaintiff for filing this complaint. A movant for a preliminary injunction must demonstrate <u>each</u> of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Plaintiff simply cannot prevail because he cannot demonstrate a substantial likelihood of success on the merits and has not demonstrated that a substantial threat that failure to grant the injunction will result in injury. Plaintiff's allegations concerning his fear of harm are conclusory at best and, standing alone do not establish any, much less a substantial, likelihood of irreparable harm.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, malicious; and for failing to state a claim on which relief may be granted; and for seeking relief against defendants who are immune from suit, all as proscribed by the provisions of 28 U.S.C.1915(e)(2)(B).

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for Preliminary Injunction be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 14th day of September, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE